UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELISSA HEAPHY, :
    Plaintiff, :
     :
v. : 3:05-cv-1593 (WWE)
     :
JOHN S. LESKO, :
    Defendant. :

## RULING ON CROSS MOTIONS

Now pending before the Court are defendant's motion under rule 59 of the Federal Rules of Civil Procedure to open the judgment and to set aside the jury's verdict dated February 8, 2008 in favor of plaintiff and for remittur (Doc. #58) and plaintiff's Motion for Judgment in Accord with Jury Verdict (Doc. #84). In his motion, defendant stated that he would provide the Court with transcripts of the relevant trial proceedings to allow it to rule on the motion. Based on representations by counsel that a transcript will not be forthcoming, the Court will proceed without it.

After a trial held in February 2008, a jury returned a verdict in favor of plaintiff Melissa Heaphy against defendant John S. Lesko on her claim of fraudulent misrepresentation and on defendant's breach of contract counterclaim. The jury awarded plaintiff $135,600 in compensatory damages.[1] The jury award corresponds to plaintiff's demand for a return of a $100,000 payment made to defendant, $22,000 in interest on that payment and $13,600 that plaintiff argued was the amount that had not been paid in 2004 pursuant to an alleged promise that defendant had made to plaintiff.

---

[1] Although the parties agree that the jury awarded rescission of the partnership agreement, there is no indication in the record that it did so. In addition, as an equitable remedy, it is not clear that the jury could have granted such rescission.

1

Plaintiff contends that the $13,600 payment reflects restitution for defendant's failure to make certain payments.

## I.   Defendant's Motion

In his motion, defendant argues that (1) the jury verdict was against the weight of the evidence; (2) the award of $100,000 exceeded the remedy legally available to a plaintiff who has been fraudulently induced into a transaction insofar as plaintiff earned profits while she was a partner in the parties' partnership; (3) the awards of $22,000 and $13,600 were both based on improper arguments made by plaintiff's counsel during her summation; and (4) the award of $13,600 in damages for fraud was legally incompatible with the order of rescission.  By her motion, plaintiff seeks affirmation of the jury's verdict through (1) rescission of the parties' contract and (2) return of her $100,000 payment plus interest.  Plaintiff also seeks punitive damages and attorneys' fees.

Rule 59(e) of the Federal Rules of Civil Procedure allows this Court to alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." Munafo v. Metropolitan Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 131 (2d Cir. 1999).  "A district court has broad discretion in determining whether to grant a motion to alter or amend the judgment."  Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000).

As to the first and third issues raised in defendant's motion, without a transcript of the relevant portions of the trial, the Court cannot address defendant's requested relief.  Therefore, the Court will deny defendant's motion as to those issues.

The second issue is one of law that the Court can address based solely on the

2

motion papers and other documents before the Court.  In her complaint, plaintiff sought rescission of the partnership agreement on the grounds that plaintiff made fraudulent misrepresentations that induced her to enter into it.  Defendant argues now that by awarding rescission and full damages without any reduction for the profits that plaintiff earned while engaged in the partnership, plaintiff was not restored to the position to which rescission should have restored her.  That is, she received a benefit under the agreement even though rescission is meant to restore the parties to where they would be if they had not entered into the agreement.

The alternatives available to a plaintiff in a case for fraudulent inducement have been set forth by the Connecticut Supreme Court.  In <u>Leisure Resort Tech., Inc. v. Trading Cove Assocs.</u>, the court explained that the plaintiff may seek rescission of the underlying contract and restitution, or she may seek affirmation of the contract and damages caused by the defendant's fraud.  The court stated:

> If the plaintiff rescinds the contract and seeks restitution, then both the plaintiff and the defendant ordinarily must restore to each other what each had received in the transaction.  On the other hand, if the plaintiff affirms the contract, he ... may sue for damages while retaining any consideration that he or she had received in the transaction.

<u>Leisure Resort Tech.</u>, 277 Conn. 21, 32 (2006).  Where the plaintiff seeks affirmation and damages, the injured plaintiff "is entitled to recover ... 'the benefit of the bargain' damages, together with any consequential damages resulting directly from the fraud." <u>Miller v. Appleby</u>, 183 Conn. 51, 57 (1981).

Here, the jury award of $100,000 reflected restitution as that was plaintiff's outlay to defendant to join in the partnership.  Defendant argues that plaintiff earned $26,393

and $27,576 in 2003 and 2004, respectively, because of her partnership interest, as reflected in plaintiff's tax documents.  Therefore, defendant contends that any restitution award should be reduced by those amounts to reflect the benefit received by plaintiff while involved in the partnership.

An analogous issue was addressed by the Connecticut Supreme Court in Metcalfe v. Talarski.  There, a tenant to a lease for a building destroyed by fire sought to rescind the lease because of the landlord's failure to insure the property against fire damage.  The jury rescinded the lease and awarded restitution to the plaintiff for the net costs paid to the defendant in entering into the lease.  The jury discounted from the award the amount equal to what the plaintiff received in rental payments for a sublease.  In affirming the jury's award, the Connecticut Supreme Court recognized that a plaintiff seeking rescission of a contract "must restore to the defendants any benefit that the defendants have bestowed upon him."  Metcalfe, 213 Conn. 145, 154-55 (1989).  The sublease payments, the court ruled, properly belonged to the landlord, not the tenant.

In general, a party seeking rescission must also return to the defendant any gains made from the contract on which rescission is sought.  See, e.g., Restatement (Second) of Contracts, § 384, cmt. b, illus. 2 (1981); D. Dobbs, 2 Law of Remedies § 4.8, p. 675-76 (1993); see also Connelly Mgmt. v. McNicoll, 2006 U.S. Dist. LEXIS 97580, *170 n.103 (D.S.C. Mar. 15, 2006) ("A party seeking rescission must tender back the benefits received under the contract.").  While there are exceptions to this, they do not apply to the instant case.

Plaintiff contends that the jury's verdict should be read as a recognition that plaintiff contributed $100,000 in cash to the partnership and approximately $53,969 in

4

non-pecuniary value to plaintiff. The facts of the case and the charge to the jury, specifically on the issues of damages, do not bear this out. The jury awarded plaintiff a total of $135,600 which reflects the $100,000 payment to join the partnership, plus $22,000 and $13,600 reflecting plaintiff's claims for interest and breach of contract. The Court cannot agree that the jury did not withhold the $53,969 because it believed that plaintiff should be awarded her opportunity costs and non-pecuniary benefits. Accordingly, plaintiff's award of $135,600 in restitution will be reduced by $53,969 to reflect the profits earned by plaintiff during the existence of the partnership, which she is not obligated to return.

Defendant further asserts that the $13,600 award reflects plaintiff's claim for income she should have received because it was promised to her. By seeking rescission and restitution, however, plaintiff is entitled to be returned to the position she enjoyed before entering into the partnership – i.e., restitution – not lost income. Had she preferred to seek breach of contract damages, she would have been foreclosed from seeking rescission of the partnership agreement. See Miller, 183 Conn. at 57. By awarding her rescission and $13,600 in damages, plaintiff was permitted to have her cake and eat it too. An order of rescission does not allow that. Therefore, the Court will further reduce the restitution award by $13,600. Plaintiff is entitled to restitution of $68,031.[2]

To summarize, this award of $68,031 allows plaintiff to recover her $100,000 initial outlay as well as $22,000 awarded by the jury in interest payment. Plaintiff also

---

[2] Defendant's challenge to the $22,000 will be denied because the Court cannot review it without the transcript.

keeps the $53,969 in profits that she earned during the business venture with such amount to be deducted from the award of $122,000.  Plaintiff is not entitled to the $13,600 which she alleged was promised to her.  The Court will also order rescission, a remedy that the jury was unable to award

## II.     Plaintiff's Motion

### A.     Rescission and Damages

The Court has addressed rescission and the amount of restitution above.  Therefore, it will deny as moot plaintiff's request that plaintiff recover her full investment of $100,000.

### B.     Availability of Prejudgment Interest

Section 37-3a of the Connecticut General Statutes provides that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions ... as damages for the detention of money after it becomes payable...."  Whether prejudgment interest is to be awarded in a case is a question for the factfinder.  See Paulus v. Lasala, 56 Conn. App. 139, 147 (Conn. App. 1999) ("[P]rejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is warranted.").  Any interest that is payable becomes an element of the awarded damages.  Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 482 (1988).

The jury credited payment of $22,000 in interest payments, an award which the Court has declined to reduce.  Therefore, the Court will not alter the jury's verdict in this regard.

6

### C.     Other Damages

Plaintiff seeks the payment of punitive damages as well as attorneys' fees and costs.  In Connecticut, common law punitive damages are limited to attorneys' fees and nontaxable costs, serving a function both compensatory and punitive.  <u>Bodner v. United Servs. Auto. Ass'n</u>, 222 Conn. 480, 491 (1992).  Plaintiff did not seek instructions on punitive damages nor did the Court provide such instructions to the jury.  The Court will therefore decline to award such damages.

### CONCLUSION

For the foregoing reasons, defendant's motion to open judgment and set aside the verdict and to amend the verdict/remittur (Doc. #58) is GRANTED as to the remittur of the jury's award to plaintiff.  The parties' agreement is hereby rescinded, and the restitution award is reduced to $68,031.00.  Plaintiff's motion (Doc. #84) is DENIED as moot.  Because all claims against the Lesko-Miner Funeral Home, LLC were dismissed, the Clerk is entered to instructed to enter judgment in accordance with this ruling as to both defendants.

Dated at Bridgeport, Connecticut, this 27th day of April, 2009.

                                            /s/
                                    Warren W. Eginton
                                    Senior United States District Judge