UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA HEAPHY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:05-cv-1593 (WWE) |
| | : | |
| JOHN S. LESKO, | : | |
|     Defendant. | : | |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Melissa Heaphy has filed a motion asking the Court to reconsider its Ruling on Cross Motions entered on April 27, 2009 (Doc. #87).

## FACTS

The underlying facts and the identities of the parties are set forth in the Court's April 27 ruling. On May 18, 2009, plaintiff filed the instant motion for reconsideration urging the Court to increase the judgment owed to plaintiff because she retains several personal obligations incurred under the contract that the Court order rescinded. For the reasons that follow, the Court will grant plaintiff's motion for reconsideration and, upon review, adhere to its previous decision. The Court's ruling is without prejudice to plaintiff later filing a motion under Federal Rule of Civil Procedure 59, 60 or another rule, as appropriate.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier

1

decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Plaintiff's motion argues that plaintiff is personally liable for certain debts incurred by the parties' former partnership.  She asserts that unless the Court increases the judgment awarded to her, defendant will be rewarded by plaintiff paying their former partnership's debts.  Defendant would thus profit from the partnership, despite the rescission of the partnership agreement.  Defendant has not filed any response to plaintiff's motion.

Plaintiff filed exhibits with her motion purporting to demonstrate her personal obligations on behalf of the partnership.  These exhibits, however, fail to demonstrate a personal guarantee or the total amount that plaintiff is liable for on behalf of the partnership.  Therefore, the Court will grant plaintiff's motion but adhere to its previous ruling.  The Court will entertain a renewed motion under the appropriate federal rule after plaintiff has made specific outlays based on these personal guarantees on behalf of the partnership.  Any renewed motion should include as an exhibit evidence, such as a receipt, of these expenditures.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration (Doc. #93).  Upon review, the Court adheres its previous ruling (Doc. #87).

Dated at Bridgeport, Connecticut, this 24th day of June, 2009.

                                            /s/
                              Warren W. Eginton
                              Senior United States District Judge